UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHONG L LEE,

        Plaintiff,

      v.                                  Case No. 20-cv-0765-bhl

APPLETON POLICE DEPARTMENT, et al.,

        Defendants.

## SCREENING ORDER

Chong Lee, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Lee's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Lee has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Lee has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $16.22. Lee's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Lee asserts that, on May 26, 2015, during a motion hearing in Case No. 13-CF-1074, which was pending in the Outagamie County Circuit Court, officers from the Appleton Police

2

Department admitted that they had destroyed eyewitness statements and records after the witnesses requested they not be identified. According to Lee, the statements described the suspect's height, weight, clothing, and direction of travel. At least one officer testified that he had destroyed the statements after conferring with the Outagamie County District Attorney's Office. Officers explained that this information was given to the defense a year and a half later after the witnesses' names appeared on a whiteboard in a photograph given to the defense. Officers explained that they did new interviews, which they provided to the defense. According to public Wisconsin circuit court records, on March 9, 2016, a jury found Lee guilty on four counts. *See* Outagamie County Case No. 2011CF001074, Wisconsin Circuit Court Access, available at https://wcca.wicourts.gov.[1]

Lee seeks seven million dollars in punitive damages and requests that the District Attorneys be disbarred and the officers be put on leave without pay for three months.

### THE COURT'S ANALYSIS

Lee asserts that Defendants violated his constitutional rights when they destroyed the original eyewitness statements and records. Lee's complaint suffers from several deficiencies, including that he sues an improper defendant and he appears to be attacking the validity of his conviction. *See Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (asterisk to caption: "a police department is not a suable entity under § 1983"); *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that arguments attacking the validity of a conviction cannot be advanced under §1983 unless the conviction or sentence has been invalidated). But, setting those issues aside, the Court will dismiss Lee's complaint because he fails to state a claim upon which relief can be granted.

---

[1] The Court is permitted to take judicial notice of matters of public record. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

3

*See Polzin v. Gage*, 636 F.3d 834, 837-38 (7th Cir. 2011) (holding that "courts may bypass the impediment of the *Heck* doctrine and address the merits of the case").

Under *Brady v. Maryland*, 373 U.S. 83 (1963), suppression of evidence that is favorable to the defense and material to either guilt or punishment "deprives the defendant of a fair trial and thus violates due process." *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001). To state a claim for violation of *Brady's* due-process disclosure duty, a plaintiff must allege:

> (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, meaning there is a reasonable probability that the result of the proceeding would have been different.

*Camm v. Faith*, 937 F.3d 1096, 1108 (7th Cir. 2019) (quoting *Beaman v. Freesmeyer*, 776 F.3d 500, 506 (7th Cir. 2015)).

Lee's allegations fail to satisfy all three elements of the standard. As to the first element, Lee's allegations do not give rise to a reasonable inference that the eyewitness statements would have been favorable to his defense. He alleges that the eyewitnesses described the physical characteristics of the suspect, but he does *not* allege that those descriptions were inconsistent with his own physical characteristics. Descriptions that were consistent with his physical characteristics would not have been favorable to his defense. The Court will not speculate on this key point.

As to the second element, the Court cannot reasonably conclude that the evidence was "suppressed" for *Brady* purposes. As the Seventh Circuit has explained, evidence will be considered suppressed only if it is not disclosed "before it was too late for the defendant to make use of the evidence" and if "the evidence was not otherwise available to the defendant through the exercise of reasonable due diligence." *Camm*, 937 F.3d at 1108 (quoting *Boss*, 263 F.3d at 740). According to Lee's complaint, he learned in May 2015 that the eyewitness statements had been

destroyed, which was more than nine months before his trial in March 2016. Further, Lee acknowledges that the officers reinterviewed the eyewitnesses and provided the new statements to the defense, giving the defense an opportunity to contact the eyewitnesses before Lee's trial. Given that the defense learned of the destroyed statements long before trial and given that remedial steps were taken, the evidence was not suppressed as that term in defined by *Brady*.

Finally, along those same lines, Lee's allegations do not suggest that, had the original statements been timely provided to the defense, the jury's verdict would have been different. As noted, defense counsel knew the names of the eyewitness long before trial and, to the extent the witnesses testified at trial, the defense would have had the opportunity to cross examine them. Thus, nothing suggests that the destruction of the original statements impacted the fairness of Lee's trial. Lee fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Lee's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Lee shall collect from his institution trust account the $333.78 balance of the filing fee by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to Lee's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Lee is transferred to

5

another institution, the transferring institution shall forward a copy of this Order along with Lee's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.